## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN DOE[1],

              Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,

              Agency.

DOCKET NUMBER
CH-0843-22-0245-I-1

DATE: June 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Algis Sirvaitis</u>, Esquire, Willoughby, Ohio, for the estate of Dan M.
    Krysty.

<u>Tanisha Elliott Evans</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

---

[1] For the reasons explained below regarding the circumstances under which this appeal was filed and docketed, the Board finds it appropriate to caption this appeal as "John Doe." Additionally, the initial decision in this matter has been recaptioned as "John Doe," and a reference to the appellant's name in the initial decision has been changed to "John Doe."

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

Algis Sirvaitis, Esquire, executor of the estate of Dan M. Krysty, a former annuitant under the Federal Employees' Retirement System (FERS), has filed a petition for review of the initial decision, which dismissed his appeal of the agency's final decision denying him lump sum death benefits for failure to prosecute and as untimely filed without good cause shown. For the reasons set forth below, we DISMISS the petition for review, VACATE the initial decision, and DISMISS the appeal.

## BACKGROUND

Dan M. Krysty was an annuitant under FERS at the time of his death. Mr. Sirvaitis had been his court-appointed guardian for many years and, upon Mr. Krysty's death, was appointed as the executor of his estate. Initial Appeal File (IAF), Tab 1 at 1, 10. In that capacity, he applied for FERS lump sum death benefits on behalf of Mr. Krysty's daughter. *Id*. at 5. The Office of Personnel Management denied the application, finding that Mr. Sirvaitis was not the designated beneficiary of Mr. Krysty's death benefits and that he was not otherwise entitled to the benefits. *Id*. at 8-9. The instant Board appeal followed.

In a June 27, 2022 initial decision, the administrative judge dismissed the appeal for failure to prosecute and as untimely filed without good cause shown. IAF, Tab 9, Initial Decision at 1, 3-4. On August 24, 2022, Mr. Sirvaitis filed an untimely petition for review, arguing, among other things, that, although he filed the application for death benefits on behalf of the decedent's daughter, he did not know where she was, had been unable to locate her, and that "the application filed by [him] should have been considered without burdening the estate and depriving [Mr. Krysty's heir]" of benefits. Petition for Review (PFR) File, Tab 1 at 1-2, Tab 5 at 1. The agency responded in opposition to the petition for review, asserting that the petition does not meet the criteria for review. PFR File, Tab 4 at 4.

On May 22, 2023, the Board issued an order directing the appellant and/or Mr. Sirvaitis to submit evidence and/or argument establishing that he was the designated representative of the appellant. PFR File, Tab 7 at 2. The order allowed the agency to reply to any submissions. The order also instructed that if the appellant and/or Mr. Sirvaitis did not provide the aforementioned evidence and/or argument, both parties should address whether the appeal should have been dismissed by the administrative judge because Mr. Sirvaitis lacked the proper authority to act for the appellant. *Id*. at 2-3. Neither the appellant, nor Mr. Sirvaitis, nor the agency responded to the order.

## ANALYSIS

The Board's regulations provide that only an appellant, her designated representative, or a party properly substituted under 5 C.F.R. § 1201.35[3] may file an appeal. 5 C.F.R. § 1201.24(a). All appeals must contain the signature of the appellant or, if the appellant has a representative, of the representative. 5 C.F.R. § 1201.24(a)(9). Similarly, the regulations provide that a petition for review must contain the signature of the party or their representative. 5 C.F.R. § 1201.114(c).

Although Mr. Sirvaitis signed the initial Board appeal, IAF, Tab 1 at 1, nothing in the record below shows that the appellant designated him to act on her behalf. The designation of representative form submitted with the initial appeal is signed by Mr. Sirvaitis, but not by the appellant. *Id*. at 8. Similarly, the petition for review is signed by Mr. Sirvaitis, but not the appellant. PFR File, Tab 1. As noted above, despite the Board's order seeking a designation of representative, neither the appellant nor Mr. Sirvaitis responded.

When a petition for review is not signed by the appellant or her designated representative, the Board has dismissed the petition for review. *E.g.*, *Schaberg v.*

---

[3] The regulation regarding substitution has no application here. It addresses the situation when an appellant dies or is otherwise unable to pursue an appeal, and another individual is allowed to continue the appeal. 5 C.F.R. § 1201.35. Here, while Mr. Krysty has died, Mr. Sirvaitis purportedly filed the appeal on behalf of Mr. Krysty's living daughter.

*U.S. Postal Service*, 104 M.S.P.R. 621, ¶¶ 6-7 (2007); *Staines v. U.S. Postal Service*, 65 M.S.P.R. 84, 85 (1994). As those are the facts here, consistent with the above decisions, we dismiss the petition for review. Similarly, because Mr. Sirvaitis was not the appellant's designated representative below, the appeal should not have been docketed or, having been docketed, the administrative judge should have dismissed the appeal. *See* 5 C.F.R. § 1201.24(a); *see also Visconti v. Environmental Protection Agency*, 78 M.S.P.R. 17, 21 (1998) (finding that an administrative judge should not have dismissed an appeal without prejudice based on the request of an individual who had not been designated as the appellant's representative).

Accordingly, we dismiss the appeal and the petition for review. This is the final decision of the Merit Systems Protection Board.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.